**AKERMAN LLP**
Caroline H. Mankey (State Bar No. 187302)
*caroline.mankey@akerman.com*
Alicia Y. Hou (State Bar No. 254157)
*alicia.hou@akerman.com*
Jonathan M. Turner (State Bar No. 320614)
*jonathan.turner@akerman.com*
601 W. Fifth Street, Suite 300
Los Angeles, California 90071
Telephone: (213) 688-9500
Facsimile: (213) 627-6342

*Attorneys for Plaintiff*
Phantom E-Moto Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHANTOM E-MOTO INC., <br><br> Plaintiff, <br><br> v. <br><br> WINDHORSE TECHNOLOGIES INC., et al., <br><br> Defendants. | CASE NO. 8:23–cv–01356 JWH (ADSx) <br><br> ***EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, AND SEIZURE ORDER** <br><br> [Filed Concurrently with Memorandum of Law; Declaration of Jonathan M. Turner; Declaration of Zhuang Li; [PROPOSED] Order] <br><br> Complaint Filed: July 27, 2023 |

## *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, AND SEIZURE ORDER

Plaintiff Phantom E-Moto Inc. ("Plaintiff" or "Phantom"), by and through its undersigned counsel, hereby brings this *Ex Parte* Application for Temporary Restraining Order, Preliminary Injunction, and Seizure Order against Defendants Windhorse Technologies Inc. ("Windhorse") and Alex Yiming Zhao ("Mr. Zhao") (collectively, "Defendants"). This Application is supported by a Memorandum of Law, Declarations of Zhuang Li ("Li Decl."), Jonathan M. Turner ("Turner Decl."), and the supporting exhibits filed herewith.

The requested Temporary Restraining Order, Preliminary Injunction, and Seizure Order are necessary to prevent Defendants from continuing to engage in their knowing, willful, and intentional sale and offer for sale of infringing e-scooters unlawfully branded with Phantom's trademarks (the "Infringing E-Scooters"). Phantom is the owner of the federally registered trademark PHANTOMGOGO, U.S. Reg. No. 6785032, used in connection with the marketing and sale of its self-balancing electric scooters. In addition to its registered mark, Phantom owns valid and subsisting common law rights to the trademarks PHANTOMGOGO COMMUTER R1 and R1 (collectively with PHANTOMGOGO, the "Marks").

The materials to be seized through this *Ex Parte* Application will be located at the following locations:

1. 2631 Lindsay Privado Dr., Ontario, California 91761 (the "Ontario Warehouse");
2. 14430 Monte Vista Ave., Chino, California 91710 (the "Chino Warehouse");
3. 212 Technology Dr., Suite X, Irvine, California 92618 (the "Windhorse Property").

Phantom has used the Marks in commerce exclusively long before Defendants' tortious conduct – indeed, Defendants previously served as a broker who liaised on

Phantom's behalf with the Chinese manufacturer of Phantom's PHANTOMGOGO line of products and were well aware that Phantom was the lawful owner of the Marks. Despite Defendants' irrefutable knowledge of Phantom's superior trademark rights, Defendants recently began offering for sale self-balancing electric scooters bearing the Marks identical to those sold by Phantom. Phantom has demanded that Defendants cease and desist their willful and intentional infringement; however, Defendants continue to engage in the sale and offer for sale of Infringing E-Scooters.

There is a strong likelihood that Phantom will succeed on the merits of the claims outlined within Phantom's Complaint for (1) Infringement of Registered Trademark; False Designation of Origin; and (3) Common Law Trademark Infringement ("Complaint"). Defendants' conduct has caused and continues to cause Phantom great, immediate, and irreparable harm, including but not limited to damage to its business and reputation, lost profits and damage to the strength of Phantom's trademarks, loss of the ability to control the use of its Marks, loss of the ability to control the quality of goods on which the Marks are used, and loss of customers and valuable goodwill. The harm to Phantom outweighs any potential harm to Defendants, and protection of Phantom's Marks would not harm the public interest, but instead would protect the public interest in knowing the true source and quality of goods bearing Phantom's Marks. This Application is Phantom's first application for extraordinary relief in this case.

Accordingly, Phantom seeks a Temporary Restraining Order, Preliminary Injunction, and Seizure Order enjoining Defendants from using Phantom's Marks, as well as any other colorable imitation of Phantom's Marks that is likely to cause confusion, mistake, or deception or to impair the distinctiveness of Phantom's Marks; and using Phantom's trade names, trademarks, or service marks, or any version thereof, in connection with the description, marketing, promotion, advertising, or sale of products or services not associated with or approved by Phantom; and seizing all of the infringing products and all records documenting the manufacture, sale or receipt of same. Because it is possible that Defendants will move, conceal, or destroy evidence, infringing

products, computer files and records relating to the Infringing E-Scooters if Phantom were to seek ordinary discovery from Defendants, Phantom has no choice but to seek *ex parte* seizure under the Lanham Act. [Li Decl., ¶¶ 10-11; ¶¶ 17-19; Turner Decl., ¶ 6].

Phantom requests that this Temporary Restraining Order remain in effect until such time the Court can schedule a full evidentiary hearing on this matter, at which time Plaintiff requests that the Court issue a Preliminary Injunction pending the final outcome of this case. Consistent with L.R. 7-19.2, Phantom requests the Court waive the notice requirement L.R. 7-19.1 as it is probable that Defendants will move, conceal, or destroy evidence, infringing products, computer files and records relating to the Infringing E-Scooters if Phantom were to provide notice of this *Ex Parte* Application. [Li Decl., ¶¶ 10-11; ¶¶ 17-19; Turner Decl., ¶ 6].

Phantom has not publicized the requested seizure of the Infringing E-Scooters that are the subject of this *Ex Parte* Application. [Li Decl., ¶ 23; Turner Decl., ¶ 7]. Additionally, Phantom has given notice of this *Ex Parte* Application to the United States Attorney for the Central District of California, as required under 15 U.S.C.A. § 1116(d)(2). [Turner Decl., ¶ 8].

DATED: August 3, 2023

**AKERMAN LLP**

By: */s/ Jonathan M. Turner*

Caroline H. Mankey
Alicia Y. Hou
Jonathan M. Turner

*Attorneys for Plaintiff*
*Phantom E-Moto Inc.*