1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**CENTRAL DISTRICT OF CALIFORNIA**

10

11  PHANTOM E-MOTO INC.,
            Plaintiff,

12

            v.

13

    WINDHORSE TECHNOLOGIES

14  INC., et al.,

15            Defendants.

16

| Case No. 8:23–cv–01356 JWH (ADSx) |

**[PROPOSED] TEMPORARY RESTRAINING ORDER; ORDER TO SHOW CAUSE WHY PRELIMINARY INJUNCTION SHOULD NOT ISSUE; AND SEIZURE ORDER**

17
18
19
20
21
22
23
24
25
26
27
28

72050905;1

**[PROPOSED] ORDER**

On this day came to be heard Plaintiff Phantom E-Moto Inc.'s ("Plaintiff" or "Phantom") *Ex Parte* Application for Temporary Restraining Order, Preliminary Injunction, and Seizure Order ("*Ex Parte* Application"). The Court, after considering the *Ex Parte* Application and Phantom's Memorandum of Law in support thereof, the Declarations of Zhuang Li and Jonathan M. Turner, and the supporting exhibits filed therewith, orders as follows:

The *Ex Parte* Application is GRANTED, based upon the following:

1. Phantom has a strong likelihood of success on its claims against Defendants Windhorse Technologies Inc. ("Windhorse") and Alex Yiming Zhao ("Mr. Zhao") (collectively, "Defendants"); and

2. Phantom will suffer irreparable injury in the form of damage to its business and reputation, lost profits and damage to the strength of its PHANTOMGOGO, PHANTOMGOGO COMMUTER R1, and R1 trademarks (collectively the "Marks"), loss of the ability to control the use of its Marks, loss of the ability to control the quality of goods on which its Marks are used, and loss of customers and valuable goodwill;

3. The nature of Defendants' conduct and infringement is such that immediate relief is warranted in order to prevent Defendants from moving, concealing, or destroying evidence, infringing products, computer files and/or records relating to the infringing products. Accordingly, in accordance with L.R. 7-19.2, the Court finds that the interest of justice required that the *Ex Parte* Application be heard without notice to Defendants.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

1. An Order shall issue immediately:

   a. Enjoining Defendants from:

      i. Using Phantom's Marks, as well as any other colorable imitation of Phantom's Marks that is likely to cause

-2-

72050905;1

confusion, mistake, or deception or to impair the distinctiveness of Phantom's Marks;

    ii. Using Phantom's Marks, trade names, trademarks, or service marks, or any version thereof, in connection with the description, marketing, promotion, advertising, or sale of products or services not associated with or approved by Phantom.

b. Seizing, on or before _____, 2023, all of the following:

    i. All electric scooters branded with Phantom's Marks located at 2631 Lindsay Privado Dr., Ontario, California 91761 (the "Ontario Warehouse")

    ii. All products and/or materials bearing Phantom's Marks, as well as any other colorable imitation of Phantom's Marks that is likely to cause confusion, mistake, or deception or to impair the distinctiveness of Phantom's Marks, located at the Ontario Warehouse;

    iii. All electric scooters branded with Phantom's Marks located at 14430 Monte Vista Ave., Chino, California 91710 (the "Chino Warehouse");

    iv. All products and/or materials bearing Phantom's Marks, as well as any other colorable imitation of Phantom's Marks that is likely to cause confusion, mistake, or deception or to impair the distinctiveness of Phantom's Marks, located at the Chino Warehouse;

    v. All electric scooters branded with Phantom's Marks located at 212 Technology Dr., Suite X, Irvine, California 92618 (the "Windhorse Property");

-3-

72050905;1

vi. All products and/or materials bearing Phantom's Marks, as well as any other colorable imitation of Phantom's Marks that is likely to cause confusion, mistake, or deception or to impair the distinctiveness of Phantom's Marks, located at the Windhorse Property;

vii. All records documenting the manufacture, sale or receipt of all materials identified in paragraphs (i) through (vi) above.

c. Setting security in the amount of _____ pursuant to 15 U.S.C.A. § 1116(d)(4)(A).

**IT IS FURTHER ORDERED:**

The Parties shall appear at _____ a.m./p.m. on _____, 2023, before the Honorable John W. Holcomb in Courtroom 9D, located at 411 W. 4th Street, Santa Ana, California 92701 to (1) show cause why a Preliminary Injunction should not be ordered according to the terms and conditions set forth above, and (2) to prove that the facts supporting seizure are still in effect as required under 15 U.S.C.A. § 1116(d)(10)(A).

This Order shall remain in effect until fourteen (14) calendar days from the date hereof, or until the conclusion of the hearing identified in Paragraph 3, above, whichever is sooner.

**IT IS SO ORDERED.**

Dated:_____          _____
                                   John W. Holcomb
                                   UNITED STATES DISTRICT JUDGE

-4-

72050905;1