# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHANTOM E-MOTO, INC., <br><br> Plaintiff, <br><br> v. <br><br> WINDHORSE TECHNOLOGIES INC., a California Corporation, ALEX YIMING ZHAO, an individual, and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No. 8:23-cv-01356-JWH-ADSx <br><br> **TEMPORARY RESTRAINING ORDER; ORDER TO SHOW CAUSE WHY PRELIMINARY INJUNCTION SHOULD NOT ISSUE; AND SEIZURE ORDER** |

Before this Court is the *Ex Parte* Application for Temporary Restraining Order, Preliminary Injunction, and Seizure Order (the "*Ex Parte* Application") filed by Plaintiff Phantom E-Moto Inc.'s ("Phantom"). The Court, after considering the *Ex Parte* Application and Phantom's Memorandum of Law in support thereof, the Declarations of Zhuang Li and Jonathan M. Turner, and the supporting exhibits filed therewith, and after conducting a hearing on the *Ex Parte* Application, hereby **FINDS** as follows:

  A. Phantom has a strong likelihood of success on its claims against Defendants Windhorse Technologies Inc. ("Windhorse") and Alex Yiming Zhao ("Zhao") (jointly, "Defendants").

  B. Phantom will suffer irreparable injury in the form of damage to its business and reputation, lost profits, and damage to the strength of its PHANTOMGOGO, PHANTOMGOGO COMMUTER R1, and R1 trademarks (collectively, the "Marks"), loss of the ability to control the use of its Marks, loss of the ability to control the quality of goods on which its Marks are used, and loss of customers and valuable goodwill, if Defendants' activities are not temporarily enjoined and restrained.

  C. The nature of Defendants' conduct and infringement is such that immediate relief is warranted in order to prevent Defendants from moving, concealing, or destroying evidence, infringing products, computer files, or records relating to the allegedly infringing products.

  D. Accordingly, in accordance with L.R. 7-19.2, the Court finds that the interest of justice requires that the *Ex Parte* Application be heard without notice to Defendants.

  In view thereof, the Court hereby **ORDERS** as follows:

  1. Defendants, and each of them, are temporarily **ENJOINED** and **RESTRAINED** from the following:

/ / /

  a. using Phantom's Marks, as well as any other colorable imitation of Phantom's Marks, in any way that is likely to cause confusion, mistake, or deception or to impair the distinctiveness of Phantom's Marks; and

  b. using Phantom's Marks, trade names, trademarks, or service marks, or any version thereof, in connection with the description, marketing, promotion, advertising, or sale of products or services not associated with or approved by Phantom.

2. The following materials and evidence shall be seized forthwith by the United States Marshals Service, assisted by one or more attorneys or representatives of Phantom:

  a. all electric scooters branded with Phantom's Marks located at 2631 Lindsay Privado Dr., Ontario, California 91761 (the "Ontario Warehouse");

  b. all products and materials bearing Phantom's Marks located at the Ontario Warehouse;

  c. all electric scooters branded with Phantom's Marks located at 14430 Monte Vista Ave., Chino, California 91710 (the "Chino Warehouse");

  d. all products and materials bearing Phantom's Marks located at the Chino Warehouse;

  e. all electric scooters branded with Phantom's Marks located at 212 Technology Dr., Suite X, Irvine, California 92618 (the "Windhorse Property");

  f. all products and materials bearing Phantom's Marks located at the Windhorse Property;

/ / /

/ / /

  g. all records documenting the manufacture, sale, receipt, or transport of any of the materials identified in Paragraphs 2.a through 2.f, above.

3. The United States Marshals Service may use all reasonable force in conducting the seizure and may open doors, locks, boxes, briefcases, containers, computers, and other electronic devices, of any type or nature, to locate and identify materials and evidence to be seized. Attorneys and other representatives of Phantom must accompany the United States Marshals Service during the seizure to identify the evidence to be seized. Phantom's counsel must itemize and take possession of the seized evidence, provide a copy of the inventory to the United States Marshals Service, and file the inventory with the Court. In addition, Phantom's counsel may record the contents of the evidence by photographic, audio, and videographic means during the seizure action. The United States Marshals Service shall not retain custody of the seized evidence, but shall ensure that the evidence is placed in the custody of Phantom's counsel. Phantom shall indemnify the United States Marshals Service and hold it harmless from any suit, claim, cause of action, damage, loss, or injury arising from the execution of the seizure described in this Order.

4. Phantom shall post Security in the amount of $180,000 pursuant to 15 U.S.C. § 1116(d)(4)(A).

5. The Parties are **DIRECTED** to appear at 8:30 a.m. on August 25, 2023, before the Honorable John W. Holcomb in Courtroom 9D, located at 411 W. 4th Street, Santa Ana, California 92701:

  a. to show cause why a Preliminary Injunction should not issue according to the terms and conditions set forth above, and

  b. to prove that the facts supporting seizure are still in effect as required under 15 U.S.C. § 1116(d)(10)(A).

/ / /

6. Defendants are **DIRECTED** to file a brief, and evidence in support thereof, in opposition to the preliminary injunction no later than 12:00 noon on August 21, 2023. Defendants' brief shall not exceed 25 pages.

7. Phantom is **DIRECTED** to file a brief in reply to Defendants' opposition no later than 12:00 noon on August 23, 2023. Phantom's reply shall not exceed 25 pages.

8. This Order shall remain in effect until August 25, 2023, or until the conclusion of the hearing on the order to show cause why a preliminary injunction shall not issue, whichever is sooner.

9. Phantom is **DIRECTED** forthwith to serve—by personal service, U.S. Mail, overnight delivery service, email, or any other means like to accomplish notice—this Order, the summons, complaint, and all papers in support of their *Ex Parte* Application, on Defendants, and each of them. Phantom is also **DIRECTED** to file proof of such service within 48 hours thereof.

10. This Order is issued on August 11, 2023, at 1:05 p.m.

**IT IS SO ORDERED.**

Dated: August 11, 2023

John W. Holcomb
UNITED STATES DISTRICT JUDGE